UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNY LEE TIMMONS,

    Petitioner,

vs.    Case No. 3:05-cv-277-J-25MMH

JAMES V. CROSBY, JR.,[1] et al.,

    Respondents.

_____

## ORDER

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on March 29, 2005. Petitioner is challenging a Duval County, Florida conviction from April 16, 1987, for attempted manslaughter with a firearm, for which he received a sentence of seven years in prison. He raises one claim in the Petition: the conviction for attempted manslaughter by culpable negligence is illegal because it is a non-existent offense.

It is clear that this state sentence has expired. Upon review of the record, it is clear that Petitioner is not "in custody" on his conviction for attempted manslaughter. Furthermore, Petitioner is not "in custody" on his conviction for attempted manslaughter merely because the conviction may have been used as a basis for

---

[1] James V. Crosby, Jr., the current Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for the State of Florida.

enhancing a state sentence. See Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam).

However, the Petition could be read as a challenge to his current sentence, as enhanced by the allegedly invalid conviction for attempted manslaughter.[2] Petitioner states that he "was habitualized in a subsequent offense, Case No. 98-3553 (15 yrs). However, since there can be no attempted manslaughter by culpable negligence, the adjudication of guilty as rendered in 1987 was illegal, and Petitioner must be resentenced in Case No. 98-3553 to 15 years, without the habitual." Petition at 5. The Court will assume for purposes of this Petition that § 2254's "in custody" requirement is met.

On April 25, 2001, the Supreme Court of the United States decided Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001), extending the holding in Daniels v. United States, 532 U.S. 374 (2001), to preclude state prisoners' collateral attacks under § 2254 to expired state court convictions used to enhance current state sentences, absent extraordinary circumstances. The Supreme Court focused on the need for finality of convictions and ease of administration of cases. Coss, 532 U.S. at 402-403.

---

[2] The Court takes judicial notice of the information contained on a DOC website for "Inmate Population Information" at http://www.dc.state.fl.us/ActiveInmates/detail., which shows that Petitioner is currently serving a fifteen year sentence for the sale/manufacture/delivery of cocaine committed on May 15, 1998.

An exception to the general rule was recognized for a challenge to an enhanced sentence due to the prior conviction used for enhancement purposes being obtained when there was a failure to appoint counsel in violation of the Sixth Amendment. Id. at 404. See Howard v. United States, 374 F.3d 1068, 1071-72 (11th Cir. 2004). In the case at bar, Petitioner does not assert that there was a failure to appoint counsel for the attempted manslaughter case. This case does not warrant special treatment. See id. at 405-406.

In light of the holding in Coss, habeas relief is unavailable to Petitioner through a federal petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court finds no extraordinary circumstances justifying the allowance of this collateral attack. No special treatment is warranted under the circumstances at bar.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Petition with prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of April, 2005.

UNITED STATES DISTRICT JUDGE

sa 4/13
c:
Johnny Lee Timmons

3